UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

REBECCA H.,

                        Plaintiff,

-against-                                          1:23-CV-1323 (LEK/ML)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

**MEMORANDUM-DECISION AND ORDER**

**I.**       **INTRODUCTION**

On October 27, 2023, Plaintiff Rebecca H. filed this action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision by the Commissioner of Social Security denying their applications for Disability Insurance Benefits and Supplemental Security Income. Dkt. No. 1 ("Complaint"). Both parties filed motions for judgment on the pleadings in support of their respective positions. Dkt. No. 11 ("Plaintiff's Motion"), Dkt. No. 15 ("Defendant's Motion"). Plaintiff filed a reply. Dkt. No. 18. On December 10, 2024, the Honorable Miroslav Lovric, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 19 ("Report and Recommendation"). In the Report and Recommendation, Judge Lovric recommended affirming the Commissioner's decision, granting Defendant's Motion, denying Plaintiff's Motion, and dismissing the Complaint. *Id.* at 25.

Plaintiff filed objections to the Report and Recommendation, Dkt. No. 20 ("Objections"), and Defendant filed a response, Dkt. No. 23. For the reasons that follow, the Report and Recommendation is adopted in its entirety.

## II.     BACKGROUND

The Court assumes familiarity with the factual background detailed in the Report and Recommendation. *See* R. & R. at 5–6.

In the Report and Recommendation, Judge Lovric assessed the arguments asserted in Plaintiff's Motion: (1) that the ALJ improperly evaluated the medical opinion evidence, objective medical evidence, and Plaintiff's subjective description of their functional limitations, resulting in a Residual Functional Capacity ("RFC") determination that was not supported by substantial evidence; and (2) that the ALJ's step five determination was not supported by substantial evidence. *Id.* at 8.

### A.  Plaintiff's First Argument

With respect to Plaintiff's first argument, Judge Lovric found that the ALJ's RFC determination was supported by substantial evidence. *Id.* at 22. First, Judge Lovric recounted the ALJ's RFC determination: Plaintiff had the RFC "to perform less than the full range of light work, with certain other restrictions including only occasional climbing of stairs and ramps and no use of ladders, ropes, or scaffolds; and avoidance of unprotected heights, and hazardous machinery." *Id.* at 11. The ALJ also "limited Plaintiff to work that required occasional work-related judgments and decisions and changes in work setting, with simple, routine, and repetitive tasks and only occasional interaction with supervisors, coworkers, and the public." *Id.* at 11–12.

Judge Lovric then examined the ALJ's evaluation of the medical opinion evidence and objective medical evidence. *Id.* at 12–19. Judge Lovric noted that the ALJ evaluated the medical source statement prepared by Dr. James Miceli, which the ALJ found to be "partially persuasive." *Id.* at 13. Judge Lovric found that the "the ALJ marshaled objective medical evidence, treatment notes, medical opinions, and relevant testimony in her analysis of the

supportability and consistency of Dr. Miceli's opinion and adequately explained her reasons for finding portions of that opinion unpersuasive." *Id.* at 14. As Judge Lovric noted, "[i]n discounting the most restrictive portions of Dr. Miceli's opinion, the ALJ instead found portions of Dr. Puri's consultative opinion and the non-examining opinion of state agency consultant Dr. Siddiqui to be more persuasive by applying a similar analysis." *Id.* Judge Lovric found that the ALJ properly incorporated the opinions of Dr. Puri and Dr. Siddiqui into the RFC determination because they were "supported by the longitudinal medical record." *Id.* at 15. The ALJ also properly "rejected the much less restrictive opinion of Dr. Rosenthal . . . [because he] did not have access to more recent [medical] records." *Id.*

      Judge Lovric found that the ALJ "conducted a similarly valid inquiry into the mental health opinion evidence." *Id.* The ALJ found the opinion of Dr. Sara Long to be "partially persuasive," considering its consistency with "Plaintiff's description of their psychiatric symptoms and the consultative examination report," and the "totality of the clinical evidence including Plaintiff's history of mental health treatment and the progress notes from their own mental health treatment providers." *Id.* at 16 (internal quotations omitted). Judge Lovric found that the ALJ validly rejected the findings of Dr. C. Walker for the same reasons. *Id.* Judge Lovric explained that the ALJ deemed the opinion of Dr. Sherer to be more persuasive, because it was "consistent with the totality of [Plaintiff's] mental health treatment records." *Id.* at 17. Further, "the ALJ considered [Licensed Clinical Social Worker] Macia's progress notes as part of the RFC analysis," but was not persuaded by Macia's opinion that it be in Plaintiff's best interest to continue receiving disability benefits. *Id.* at 18. Judge Lovric agreed with the ALJ's decision not to consider this opinion, because whether a plaintiff is entitled to disability benefits is an "issue

3

reserved to the Commissioner," and "simple, conclusory statements that Plaintiff was disabled . . . are not medical opinions that require more detailed analysis by the ALJ." *Id.* at 18 (cleaned up).

Judge Lovric concluded that "Plaintiff has not identified any harmful error arising from the ALJ's evaluation of the medical and psychiatric opinion evidence related to Plaintiff's functional limitations." *Id.*

Next, Judge Lovric examined the ALJ's evaluation of Plaintiff's subjective description of symptoms. *Id.* at 19–22. Judge Lovric noted that the "ALJ evaluated Plaintiff's description" of their medical limitations, and then "compared this testimony to the broader medical record." *Id.* at 20. The ALJ found the subjective testimony from Plaintiff's hearing to be "inconsistent with the objective medical evidence," "explain[ing] her determination with sufficient specificity to meet the deferential substantial evidence standard." *Id.* Judge Lovric also found that the "ALJ drew the appropriate nexus between Plaintiff's ability to [care for their father] . . . and the inquiry into Plaintiff's physical functional limitations and ability to concentrate and stay on task." *Id.* Ultimately, Judge Lovric found that the ALJ "resolved conflicts between the objective medical record, medical opinion evidence, and hearing testimony by placing the greatest reliance on that evidence that she deemed most consistent with Plaintiff's overall treatment record and activities." *Id.* at 21. "In doing so, the ALJ appropriately evaluated the conflicting medical evidence and [P]laintiff's testimony and made an RFC finding that was consistent with the overall record." *Id.*

Judge Lovric concluded that the ALJ's RFC determination was properly supported by substantial evidence. *Id.* at 22.

### B. Plaintiff's Second Argument

Considering Plaintiff's argument that the ALJ's step five determination was improper, Judge Lovric first explained that because the ALJ's RFC determination was supported by substantial evidence, the ALJ's hypothetical questions to the vocational expert based on that RFC determination were proper. *Id.* at 23. Then, Judge Lovric found that the ALJ's reliance on the testimony from the vocational expert and the Dictionary of Occupational Titles ("DOT") was sufficient to find substantial evidence that Plaintiff could perform other work. *Id.* As such, Judge Lovric found that the ALJ's decision to rely on the DOT, despite containing "some job descriptions that are obsolete in the modern economy," was appropriate. *Id.* at 24. According to Judge Lovric, "Plaintiff has not demonstrated that these deficiencies impose a requirement that the ALJ . . . supplement the DOT, where the step five determination is otherwise supported by substantial evidence." *Id*. Judge Lovric concluded the ALJ's step five determination was supported by substantial evidence. *Id.*

## III. LEGAL STANDARD

### A. Review of the Magistrate Judge's Report and Recommendation

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002). Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. *See* N.D.N.Y. L.R. 72.1. As 28 U.S.C. § 636(b)(1) states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of [the] court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

> objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406.

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

### B. Review of the ALJ's Decision

In reviewing a final decision of the Commissioner, a court is limited to the determination of whether there is substantial evidence in the record to support the decision. 42 U.S.C. § 405(g); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991). "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where substantial evidence supports the ALJ's findings, the decision must be sustained "even where substantial evidence may support the plaintiff's position

and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).

## IV.   DISCUSSION

Plaintiff objects on three grounds. First, Plaintiff argues that the "ALJ's RFC [determination] is contrary in most respects to Plaintiff's Hearing Testimony." Obj. at 2. Second, Plaintiff argues that the "ALJ incorrectly evaluated the medical evidence, including the mental health evidence." *Id.* at 4. Third, Plaintiff argues that the "ALJ's Step 5 finding is not supported by substantial evidence." *Id.* at 6.

Plaintiff's objections are not "specific and clearly aimed at particular findings in the magistrate's proposal." *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)). Instead, their objections are focused on the ALJ's decision itself. *See generally* Obj. Moreover, Plaintiff's objections merely restate the arguments presented in their initial brief. *Compare* Obj. 2–4 *with* Pl. Mot. at 20–22 (arguing that the ALJ did not consider Plaintiff's testimony); *compare* Obj. 4–6 *with* Pl. Mot. at 20–22 (arguing that the ALJ incorrectly evaluated medical evidence); *compare* Obj. 6–7 *with* Pl. Mot. at 23–26 (arguing that the ALJ incorrectly applied its step five analysis). Accordingly, the Court reviews the entirety of the Report and Recommendation for clear error. *See N.Y.C. Dist. Council of Carpenters Pension Fund*, 341 F. Supp. 3d at 336 ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error.") (cleaned up).

The Court finds no clear error in Judge Lovric's Report and Recommendation. With respect to the first objection, Judge Lovric appropriately found that the ALJ properly considered Plaintiff's subjective symptoms in evaluating their functioning. With respect to the second

7

objection, Judge Lovric committed no clear error in finding that the ALJ properly evaluated the medical evidence, including the mental health evidence. With respect to the third objection, Judge Lovric rightly determined that the ALJ's step five analysis was supported by substantial evidence.

The Report and Recommendation is adopted in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 19, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendant's motion for judgment on the pleadings, Dkt. No. 15, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, is **DENIED**; and it is further

**ORDERED**, that Plaintiff's complaint, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 21, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge